# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRIAN CORTLAND, BRIAN GREEN, and CHRISTOPHER HUPY, | No.  53282-4-II |
| Appellants, | |
| v. | |
| LEWIS COUNTY, a municipal corporation, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, A.C.J. — Brian Cortland, Brian Green, and Christopher Hupy ("Cortland") appeal the superior court's order awarding penalties following a Public Records Act (PRA)[1] lawsuit against Lewis County.

Cortland argues that the superior court erred in applying *Yousoufian*[2] by (1) failing to apply the fourth aggravating factor and incorrectly applying the fifth mitigating factor, both regarding reasonableness; and (2) incorrectly applying the fifth aggravating factor regarding bad faith. Cortland also argues that he is entitled to an award of reasonable appellate attorney fees and costs.

We hold that the superior court did not abuse its discretion by applying the *Yousoufian* mitigating and aggravating factors as it did, and we deny Cortland's request for attorney fees and costs on appeal.  We affirm the superior court's order on PRA penalties.

---

[1] Ch. 42.56 RCW.

[2] *Yousoufian v. Office of Ron Sims*, 168 Wn.2d 444, 467-68, 229 P.3d 735 (2010).

FACTS

Cortland made three PRA requests to Lewis County for three separate transcripts of court hearings Lewis County had obtained during ongoing litigation to which Lewis County was a party. Lewis County timely responded and denied each request, claiming that the transcripts were exempt from disclosure under RCW 42.56.290 because Cortland could not obtain copies of the transcripts that Lewis County had paid for in civil litigation.

Cortland sued and claimed that these were public records that Lewis County improperly withheld. The superior court agreed. "Although custom and fairness may require court reporters to be paid for copies of transcripts, this custom is not embodied as an exemption to the Public Records Act. Custom and fairness are not reasons to restrict access to public records under the Public Records Act." Clerk's Papers (CP) at 39. The court found that RCW 42.56.290 was "not an appropriate exemption to avoid disclosure of the [three] transcripts requested." CP at 38. Therefore, the court found that Lewis County violated the PRA.

In his brief for penalties, Cortland argued that Lewis County acted unreasonably and in bad faith, and thus, the superior court should apply the aggravating factors from *Yousoufian*. CP at 55-81. Cortland requested a penalty of $10 per page per day, or $349,970 per requester, resulting in a total penalty award of $1,049,910, noting other cases where Lewis County violated the PRA. Lewis County argued that it reasonably, but mistakenly, claimed an exemption and otherwise strictly complied with the PRA in good faith, and the court should apply that as a mitigating factor. Therefore, it argued the court should award a penalty of $1 per day per record and treat each requested transcript as one record, for a total penalty award of $1,195 to be split amongst the three requestors.

The court found that Lewis County's claim of an exemption was "clear and intelligible, though legally wrong." CP at 133. The court did not "find evidence of dishonest, bad-faith, or intentionally illegal behavior by Lewis County, nor of animus against the Plaintiffs." CP at 133. The court considered four of the *Yousoufian* aggravating factors and three of the mitigating factors to be relevant, although it did not apply all these factors:

> 2.10. The [c]ourt considers these aggravating factors relevant:
>
> > 2.10.1. Factor (5) . . . The [c]ourt does not find bad faith or intentional noncompliance by Lewis County, but this factor encompasses the full range of culpability. When deciding to claim an exemption that may not be justified, there is an element of recklessness. Lewis County's claimed exemption was intelligible, but cannot be considered reasonable because it was legally wrong.
> >
> > 2.10.2. Factor (7) . . . The availability or unavailability of court transcripts from government entities is an issue of foreseeable public importance because of the amount of litigation in which the government is involved.
> >
> > 2.10.3. Factor (8) . . . The requesters suffered no economic loss.
> >
> > 2.10.4. Factor (9) . . . The [c]ourt wishes to impose a penalty to direct Lewis County to think more carefully before claiming uncertain exemptions, which is a type of deterrence.
>
> 2.11. The [c]ourt considers these mitigating factors relevant:
>
> > 2.11.1. Factor (2) . . . Lewis County promptly and intelligibly responded with its claimed, but wrong, exemption.
> >
> > 2.11.2. Factor (3) . . . The [c]ourt believes that Lewis County honestly believed its claim of exemption and otherwise strictly complied with the PRA's procedural requirements in good faith.
> >
> > 2.11.3. Factor (5) . . . The [c]ourt does not find Lewis County's noncompliance "reasonable." It cannot be reasonable because it was legally wrong.

CP at 134-35.

The superior court treated each transcript as one record, for a total of three records, referencing its broad discretion to determine the type of "record" to which the penalty applies. CP at 135. It also noted that "[t]he documents are conceptually unitary and there are not sufficient aggravating circumstances to justify a per-page penalty." CP at 135.

Based on this, the superior court set a $10 per transcript per day penalty, for a total of $11,950 to be split amongst the three requestors as they choose.

Cortland appeals.

## ANALYSIS[3]

### I. PENALTIES ANALYSIS

Cortland argues that the superior court erred by (1) failing to apply the fourth aggravating factor and incorrectly applying the fifth mitigating factor, both regarding reasonableness; and (2) incorrectly applying the fifth aggravating factor regarding bad faith. We hold that the superior court has broad discretion in setting a PRA penalty and did not abuse its discretion by applying the *Yousoufian* mitigating and aggravating factors as it did.

### A. LEGAL PRINCIPLES

"The PRA is a strongly worded mandate for broad disclosure of public records." *Neighborhood Alliance of Spokane County v. Spokane County*, 172 Wn.2d 702, 714, 261 P.3d 119 (2011). The PRA stands for the proposition that "'*full access* to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.'" *Progressive Animal Welfare Soc'y v.*

---

[3] The findings of fact are uncontested, so they are verities on appeal. *Crystal Mountain, Inc. v. Dep't of Revenue*, 173 Wn. App. 925, 931, 295 P.3d 1216 (2013).

*Univ. of Wash.*, 125 Wn.2d 243, 251, 884 P.2d 592 (1994) (quoting former RCW 42.17.010(11) (1975)). And when evaluating a claim within the framework of the PRA, a court must "take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.56.550(3).

In *Yousoufian*, our Supreme Court laid out a nonexclusive list of mitigating factors and aggravating factors a superior court may look to for guidance when setting a PRA penalty.

> [M]itigating factors that may serve to decrease the penalty are (1) a lack of clarity in the PRA request, (2) the agency's prompt response or legitimate follow-up for clarification, (3) the agency's good faith, honest, timely, and strict compliance with all PRA procedural requirements and exceptions, (4) proper training and supervision of the agency's personnel, (5) the reasonableness of any explanation for noncompliance by the agency, (6) the helpfulness of the agency to the requestor, and (7) the existence of agency systems to track and retrieve public records.
>
> Conversely, aggravating factors that may support increasing the penalty are (1) a delayed response by the agency, especially in circumstances making time of the essence, (2) lack of strict compliance by the agency with all the PRA procedural requirements and exceptions, (3) lack of proper training and supervision of the agency's personnel, (4) unreasonableness of any explanation for noncompliance by the agency, (5) negligent, reckless, wanton, bad faith, or intentional noncompliance with the PRA by the agency, (6) agency dishonesty, (7) the public importance of the issue to which the request is related, where the importance was foreseeable to the agency, (8) any actual personal economic loss to the requestor resulting from the agency's misconduct, where the loss was foreseeable to the agency, and (9) a penalty amount necessary to deter future misconduct by the agency considering the size of the agency and the facts of the case.

*Yousoufian*, 168 Wn.2d at 467-68 (footnotes omitted). The court emphasized that "the factors may overlap, are offered only as guidance, may not apply equally or at all in every case, and are not an exclusive list of appropriate considerations." *Yousoufian*, 168 Wn.2d at 468. Further, "no one

factor should control," and "[t]hese factors should not infringe upon the considerable discretion of trial courts to determine PRA penalties." *Yousoufian*, 168 Wn.2d at 468.

Our review of a PRA penalty is extremely deferential. *Hoffman v. Kittitas County*, 194 Wn.2d 217, 224, 449 P.3d 277 (2019). A superior court's determination of daily penalties under the PRA is reviewed for an abuse of discretion. *Yousoufian*, 168 Wn.2d at 458. Discretion is abused if the superior court's decision is manifestly unreasonable or based on untenable grounds or reasons. *Yousoufian*, 168 Wn.2d at 458.

B. REASONABLENESS

Cortland argues that the superior court took "irreconcilable stances" because it stated numerous times that Lewis County's claimed exemption was unreasonable, but then it did not make a conclusion of law regarding the fourth aggravating factor. Appellants Opening Br. at 15.

The fifth mitigating factor is "the reasonableness of any explanation for noncompliance by the agency," and the fourth aggravating factor is the "unreasonableness of any explanation for noncompliance by the agency." *Yousoufian*, 168 Wn.2d at 467-68. There is nothing that requires the superior court to apply any specific aggravating or mitigating factors since the factors are highly case-specific and consider all the facts and circumstances of the particular case. *Yousoufian*, 168 Wn.2d at 468.

Here, the superior court did not make a conclusion regarding the fourth aggravating factor, the unreasonableness of the agency's explanation for withholding. Rather, the court made conclusion of law 2.11.3 regarding the fifth mitigating factor, stating, "[t]he [c]ourt does not find Lewis County's noncompliance 'reasonable.' It cannot be reasonable because it was legally wrong." The superior court found that Lewis County's claimed exemption was not reasonable

because "it was legally wrong," but that Lewis County "honestly believed its claim of exemption and otherwise strictly complied with the PRA's procedural requirements in good faith." CP at 135.

Cortland misinterprets the superior court's application of the law to the undisputed facts. There is nothing in the court's order to support Cortland's argument that the court misapplied the fifth mitigating factor in order to mitigate the penalty; rather, the court stated that it found the fifth mitigating factor relevant. The fifth mitigating factor and the fourth aggravating factor are parallel factors, providing that a court must consider the reasonableness or unreasonableness of the agency's explanation for withholding when setting a penalty. *Yousoufian*, 168 Wn.2d at 467-68. But *Yousoufian* does not *require* the superior court to either aggravate or mitigate based on these factors. *See Yousoufian*, 168 Wn.2d at 467-68. A third option within the court's discretion is to consider these factors but neither aggravate nor mitigate based on the agency's stated reason for withholding. *See Yousoufian*, 168 Wn.2d at 467-68.

Because the superior court has "considerable discretion" in setting the PRA penalty, and because the court is not required to apply all of the factors, we hold that the superior court did not abuse its discretion by (1) choosing not to apply the fourth aggravating factor, and (2) concluding that the fifth mitigating factor was relevant but not applicable.

C. BAD FAITH

The fifth aggravating factor encompasses "negligent, reckless, wanton, bad faith, or intentional noncompliance with the PRA by the agency." *Yousoufian*, 168 Wn.2d at 468.

There is nothing in the record to establish that Lewis County acted in bad faith. Lewis County cited to case law and gave detailed reasoning for why it believed that the records were

7

exempt. The superior court found that Lewis County's reasoning was consistent with sound policy and practices regarding transcripts obtained during civil litigation and paid for by the opposing party, here Lewis County.

Because there is nothing in the record to establish that Lewis County acted in bad faith, and because the superior court had "considerable discretion" to choose whether or not to apply this aggravating factor, we hold that the superior court did not abuse its discretion by choosing not to apply the fifth aggravating factor regarding bad faith. *Yousoufian*, 168 Wn.2d at 468.

D. AWARD

Finally, Cortland argues that the superior court abused its discretion by setting the award at $11,950. We disagree.

As stated above, we review a superior court's penalty award for an abuse of discretion, giving deference to the superior court. *See Yousoufian*, 168 Wn.2d at 458.

The superior court's award of $11,950 was not an abuse of discretion because it was not manifestly unreasonable. The court treated each transcript as a single record and set a penalty of $10 per day per record. This was well within the superior court's broad discretion.

Therefore, we hold that the superior court did not abuse its discretion by setting the award at $11,950.

## II. ATTORNEY FEES AND COSTS

Cortland argues that he is entitled to an award of reasonable appellate attorney fees and costs. We deny his request for appellate attorney fees and costs.

"If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review . . . the party must request the fees or expenses as provided in this rule." RAP 18.1(a). RCW 42.56.550(4) provides that any person who prevails in a PRA suit is entitled to reasonable attorney fees and costs incurred in connection with such legal action. A party who prevailed on the merits of a PRA suit is not necessarily entitled to attorney fees and costs on appeal when they are not the prevailing party on appeal. *See Hoffman*, 194 Wn.2d at 233 n.12.[4]

Although Cortland was the prevailing party on the merits, he has not prevailed on appeal. He appealed only the penalty award, not the merits, and we affirm the superior court's order regarding penalties.

Therefore, we deny his request for an award of appellate attorney fees and costs.

---

[4] In that case, the requestor prevailed on the merits but appealed the superior court's penalty award. *Hoffman*, 194 Wn.2d at 222-23. Our Supreme Court affirmed the superior court's penalty award and therefore, it held that the requestor was not entitled to appellate attorney fees because he did not prevail on appeal. *See Hoffman*, 194 Wn.2d at 233 n.12.

No. 53282-4-II

## CONCLUSION

We affirm the superior court's order on PRA penalties and deny Cortland's request for appellate attorney fees and costs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Sutton, A.C.J._
SUTTON, A.C.J.

We concur:

_Glasgow, J_
GLASGOW, J.

_Cruser, J._
CRUSER, J.